UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SHANE CLENDENIN,

        Plaintiff,                    Case No. 1:23-cv-145

v.                                          Honorable Ray Kent

RACHEL KEELEY et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a county prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v.*

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.  Factual Allegations

Plaintiff is presently incarcerated at the Van Buren County Jail in Paw Paw, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Assistant Prosecuting Attorney Rachel Keeley and Van Buren County Jail Lieutenant Chad Hunt and Sergeant Mike Shannon.

Plaintiff's complaint is brief. He states that he was stabbed by another inmate at the jail. (ECF No. 1, PageID.3.) Plaintiff states that he has been convicted of a criminal sexual conduct (CSC) offense and, therefore, the stabbing is a hate crime. (*Id.*) Plaintiff contends that Defendant

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Keeley "swept [the incident] under the rug." (*Id.*) Defendants Hunt and Shannon were the ones "that took the report [and] told [Plaintiff] it was on Keeley's desk." (*Id.*) Plaintiff alleges that the inmate who stabbed him said "he was going to kill [Plaintiff's] whole family[,] meaning [his child]." (*Id.*)

Plaintiff states that he is bringing suit for: (1) "abuse of power/authority"; (2) "civil rights"; (3) emotional distress; (4) support for a hate crime; and (5) child endangerment. (*Id.*, PageID.4.) The Court also construes Plaintiff's complaint to assert a failure to protect claim against Defendants Hunt and Shannon. Plaintiff does not specify the relief he seeks.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71

(6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     Failure to Pursue Charges

The primary gist of Plaintiff's complaint is that Defendants, particularly Defendant Keeley, declined to prosecute the other inmate for stabbing Plaintiff and threatening his family. Plaintiff contends that by failing to do so, Defendants have abused their authority and provided support to a hate crime. A private citizen, however, lacks a "judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). As the United States Court of Appeals for the Tenth Circuit has stated:

> The ordinary citizen does not have a general interest justifying a lawsuit based on the criminal prosecution or non-prosecution of another. Such a right is not recognized in the law and, indeed, it would be contrary to public policy to allow every private citizen to force the prosecutor to proceed with a case in pursuit of a private objective. The district attorney is sworn to uphold the law generally and does not have a duty to enforce the law for the purpose of providing satisfaction to a third person who has no direct legal interest.

*Dohaish v. Tooley*, 670 F.2d 934, 937 (10th Cir. 1982) (internal citation omitted).

Although a citizen lacks a cognizable interest in the prosecution of another, courts have held that a constitutional violation may be established if the plaintiff alleges that the failure to investigate or prosecute was based on an impermissible reason, such as race or another

characteristic that would implicate the guarantee of equal protection. *See Burchett v. Self*, No. 94-5058, 1994 WL 276865, at *2 (6th Cir. June 21, 1994). In *Bowers v. DeVito*, 686 F.2d 616 (7th Cir. 1982), for example, the United States Court of Appeals for the Seventh Circuit held that the Due Process Clause of the Fourteenth Amendment does not compel the state to protect its citizens against harm from "criminals or madmen," but "[d]iscrimination in providing protection against private violence could of course violate the equal protection clause of the Fourteenth Amendment." *Id.* at 618. Here, although Plaintiff suggests that Defendants may have declined to pursue charges because Plaintiff was convicted of a CSC offense, nothing in the complaint permits the Court o infer that Defendants' decided not to prosecute Plaintiff's assailant because of an impermissible reason such as race. A sex offense does not equate to an "inherent personal characteristic[]" that receives special protection under the Equal Protection Clause. *See Browder v. Tipton*, 630 F.2d 1149, 1149 (6th Cir. 1980); *see also Daniel v. Bredeson*, No. 3:07-cv-175, 2008 WL 901506, at *2 (E.D. Tenn. Mar. 31, 2008). The Court, therefore, will dismiss any claims against Defendants premised upon the alleged failure to pursue charges against Plaintiff's assailant.[2]

       **B.**     **"Support for a Hate Crime" and "Child Endangerment"**

Plaintiff also asserts that he is filing suit for support of a hate crime and "child endangerment" against Defendants. However, Plaintiff cannot assert causes of action premised upon alleged violations of criminal law. As the United States Court of Appeals for the Sixth Circuit has explained, courts "do not casually, or for that matter routinely, imply private rights of action

---

[2] In addition, Defendant Keeley is entitled to absolute prosecutorial immunity with respect to Plaintiff's claim that she declined to prosecute the other inmate. *See Stockdale v. Helper*, 979 F.3d 498, 502 (6th Cir. 2020) (noting that "[t]he 'analytical key to prosecutorial immunity . . . is *advocacy*—whether the actions in question are those of an advocate'" (quoting *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000))). Deciding not to initiate a criminal proceeding is certainly an action that a prosecutor takes within the scope of his or her prosecutorial duties. *See Gladney v. Gettings*, No. 1:21-cv-64, 2022 WL 981325, at *4 (W.D. Mich. Feb. 11, 2022).

in favor of the victims of violations of criminal laws." *Ohlendorf v. United Food & Com. Workers Int'l Union, Local 876*, 883 F.3d 636, 642 (6th Cir. 2018). Moreover, the Hate Crimes Prevention Act, 18 U.S.C. § 249, does not authorize a private right of action. *See Everage v. Central Broad Sys. Corp.*, No. 7:18-cv-102, 2019 WL 1063367, at *2 (E.D. Ky. Mar. 6, 2019) (collecting cases). Thus, any such claims will be dismissed.

### C. Failure to Protect

The Court has also construed Plaintiff's complaint to assert that Defendants Hunt and Shannon violated his constitutional rights by failing to protect him from the other inmate's assault. As an initial matter, Plaintiff states that he has been convicted of a CSC offense. Public records indicate that he was found guilty at a jury trial and is awaiting sentencing. *See* https://micourt.courts.michigan.gov/case-search/court/C36 (type "Clendenin" for Last Name, "Shane" for First Name, select Search, then select the link for Case No. 2022-0000023782-FH) (last visited Feb. 28, 2023).

The Eighth Amendment applies to claims brought by convicted prisoners, *see Phelps v. Coy*, 286 F.3d 295, 300 (6th Cir. 2002), whereas the Fourteenth Amendment's Due Process Clause governs claims brought by pretrial detainees. *See Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018). Pretrial detainees' claims of deliberate indifference were previously analyzed under the standard announced in *Farmer v. Brennan*, 511 U.S. 825, 828 (1994), requiring that a prisoner prove both an objective risk of serious harm and that a defendant subjectively knew of and disregarded that risk. *Id.* at 834.

In 2015, however, the Supreme Court held that a pretrial detainee asserting a Fourteenth Amendment excessive force claim does not need to show that "the officers were subjectively aware that their use of force was unreasonable;" instead, the detainee could show that "the officers' use of that force was objectively unreasonable." *See Kingsley v. Hendrickson*, 576 U.S. 389, 392–93

7

(2015). After *Kingsley*, the United States Court of Appeals for the Sixth Circuit altered the test for a pretrial detainee alleging that jail officials were deliberately indifferent to medical needs. *See Brawner v. Scott Cnty.*, 14 F.4th 585 (6th Cir. 2021), *reh'g en banc denied*, 18 F.4th 551 (6th Cir. 2021). Subsequently, the Sixth Circuit extended *Brawner* to a pretrial detainee's deliberate indifference claim based upon failure to protect. *See Westmoreland v. Butler Cnty.*, 29 F.4th 721, 729 (6th Cir. 2022), *reh'g en banc denied*, 35 F.4th 1051 (6th Cir. 2022). Regardless of which standard applies, however, Plaintiff has not set forth a plausible failure to protect claim against Defendants Hunt and Shannon.

Plaintiff's only mention of Defendants Hunt and Shannon is that they are the individuals who "took the report [regarding the assault] and told [Plaintiff] it was on Keeley's desk." (ECF No. 1, PageID.3.) Plaintiff's complaint is wholly devoid of any facts from which the Court could infer that Defendants Hunt and Shannon were aware that the other inmate posed a risk to Plaintiff and unreasonably disregarded that risk. For that reason alone, Plaintiff's failure to protect claim is subject to dismissal.

Plaintiff may seek to hold Defendants Hunt and Shannon liable because of their respective supervisory positions as Lieutenant and Sergeant at the Van Buren County Jail. Government officials, however, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter,* 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*,

368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff fails to allege any facts suggesting that Defendants Hunt and Shannon encouraged or condoned the conduct of their subordinates, or authorized, approved, or knowingly acquiesced in that conduct. As noted above, Plaintiff fails to allege any facts at all regarding Defendants Hunt and Shannon's involvement in the assault, other than the fact that they prepared the report after the fact. Conclusory allegations of supervisory liability without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. Plaintiff's failure to protect claims against Defendants Hunt and Shannon will, therefore, be dismissed.

### D.     State Law Claims

Plaintiff also appears to assert state law claims for emotional distress. Ordinarily, where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state law claims. *See Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotation marks omitted)). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, the Court will dismiss Plaintiff's state law claims without prejudice.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's state law claims will be

dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over such claims.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   March 27, 2023                             /s/ Ray Kent
                                                    Ray Kent
                                                    United States Magistrate Judge